# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHARLES A. AMBLE,**
        Plaintiff,

        v.                               Case No. 07-C-0084

**STATE OF WISCONSIN and**
**STEVE WALTERS,**
        Defendants.

## DECISION AND ORDER

On January 4, 2007, Charles Amble, who is currently incarcerated at Sand Ridge Secure Treatment Center pursuant to Wis. Stat. Chapter 980, filed a pro se civil rights complaint under 42 U.S.C. § 1983. It appears that the plaintiff is alleging that his civil rights were violated when he was denied visitation with his daughter. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. The petition will be denied.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pay costs and fees. Access is not unlimited however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed in forma pauperis if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff has submitted an affidavit of indigence indicating that he is unable to pay the costs of commencing this action. From this, the court concludes that plaintiff meets the

poverty requirements of 28 U.S.C.§ 1915(a).  Another question is whether the complaint is frivolous.  A complaint is frivolous if it has no arguable basis in law or fact, or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke, 490 U.S. at 325.  The court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that he was deprived of a right secured by the Constitution or laws of the United States, and  (2) that the deprivation was visited upon him by a person acting under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  The court is obliged to give plaintiff's pro se allegations, however inartfully pleaded, a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

In this case, the plaintiff alleges that the decision denying him family visitation with his daughter was contrary to law because it violated the requirements of the Wisconsin Administrative Code and Wisconsin Statutes.  (Complaint at 4 [unnumbered]).  It is well-established that an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.  Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986).  An official is personally involved if:  a) he participates directly in the constitutional deprivation,  b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights, or  c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his knowledge and consent.  Rascon, 803 F.2d at 274; Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985); Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

The complaint names the State of Wisconsin and Steve Walters, the director of the Sand Ridge Secure Treatment Center, as defendants. However, defendant Walters is not mentioned in the body of the complaint. To proceed on a claim against a supervisor or official under 42 U.S.C. § 1983, the plaintiff must demonstrate the person's personal involvement in the claimed deprivation of constitutional rights. Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982). Since no personal involvement by defendant Walters is alleged, the plaintiff's petition to proceed in forma pauperis against defendant Walters is denied. See Black v. Lane, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994).

With respect to the State of Wisconsin, the Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . .." It is well established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Missouri Dep't. of Pub. Health and Welfare, 411 U.S. 279, 294 [1973]). Section §1983 does not abrogate the Eleventh Amendment immunity of the states. Will v. Michigan Dept. of State Police, 491 U.S. 58, 67, 71 (1989) (a state is not a 'person' within the meaning of § 1983, and the Eleventh Amendment bars § 1983 suits against a state); Quern v. Jordan, 440 U.S. 332, 345 (1979); Joseph v. Board of Regents of University of Wisconsin, 432 F.3d 746 (7th Cir. 2005). Thus, the Eleventh Amendment bars § 1983 actions seeking injunctive as well as monetary relief against a state or a state agency. Will, 491 U.S. at 71; Kashani v. Purdue University, 813 F.2d 843, 848 (7th Cir.1987) (Eleventh Amendment barred § 1983 claims against state

university for reinstatement and monetary relief). Accordingly, the plaintiff's request to proceed in forma pauperis against defendant State of Wisconsin will be denied.

Based on the foregoing, the court concludes that the plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 [7th Cir. 1988], aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989)). For all the reasons noted above, the plaintiff's request to proceed in forma pauperis is denied without prejudice.

To proceed further, the plaintiff must either pay the required filing fee or file an amended complaint setting forth his allegations with greater specificity, providing sufficient factual and legal support for the court to conclude that the claims have at least some arguable merit. The plaintiff must file such amended complaint on or before March 1, 2007, The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must be complete in itself without reference to any prior pleadings.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **denied without prejudice**.

**IT IS FURTHER ORDERED** that on or before **March 1, 2007**, the plaintiff shall file an amended complaint providing sufficient factual and legal support for this court to conclude that his claims have at least some arguable merit or pay the filing fee. Failure to either file an

-4-

amended complaint or to pay the required filing fee by March 1, 2007, will result in dismissal of the action for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 11 day of February, 2007.

/s_____
LYNN ADELMAN
District Judge